UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LEROY MOSLEY, JR., ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 05-57-P-H |
| ) | |
| ) | Civil No. 09-203-P-H |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Leroy Mosley, Jr. has filed a 28 U.S.C. § 2255 motion. I have screened this motion pursuant to Rule Governing Section 2255 Proceedings 4. Mosley has two § 2255 claims. First he asserts that his conviction was obtained through an unlawfully induced guilty plea, subjecting him to a career offender sentence, a plea that he describes as being coerced by counsel. Second, he maintains that this Court abused its discretion in accepting the guilty plea in the face of Mosley's illiteracy, schizophrenia, and bi-polar diagnosis. Having concluded that Mosley's 28 U.S.C. § 2255 motion is untimely, I recommend that the Court dismiss the motion pursuant to Rule Governing Section 2255 Proceedings 4(b).

*Discussion*

Mosley was sentenced to 262 months of imprisonment on June 2, 2005. He took a direct appeal and the First Circuit Court of Appeals entered a judgment in the United States' favor on April 18, 2007. See United States v. Mosley, No. 05-1897, Apr. 18, 2007, Order (1st Cir.). Mosley sought review by the United States Supreme Court and on January 7, 2008, his petition

for a writ of certiorari was denied. Mosley v. United States, No. 06-11435, Jan. 7, 2008, Docket Entry (S. Ct.). [1]

Congress has provided: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from … the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Mosley's conviction became final on January 7, 2008, by dint of the Supreme Court's denial of certiorari review. This 28 U.S.C. § 2255 motion was received by the Court on May 21, 2009; the certificate of service was signed by Mosley on May 15, 2009.[2]

In his form motion in the space provided to explain the untimeliness of his motion, Mosley states:

> It is requested that this 28 U.S.C., Section 2255 statute of limitation not be held against me as I have expressed here in that I am illiterate and Pro Se. Because I have asked another person to help me with presenting the two issues raised I pray that the court hear my cry. Attorney James M. Fox advised me that any other issues I had were beyond the scope of his appointment.

(Sec. 2255 Mot. at 12, Doc. No. 1.) This amounts to an argument that the Court equitably toll the 28 U.S.C. § 2255(f)(1) statute of limitation.[3]

The First Circuit's Trapp v. Spencer delineated "some of those factors that may influence a court's decision whether or not to grant equitable tolling in a habeas case." 479 F.3d 53, 61 (1st Cir. 2007) (footnote omitted). Relying on Pace v. DiGuglielmo, 544 U.S. 408 (2005) and First Circuit precedent, Trapp explained that the "relevant factors include":

> 1. The petitioner's own diligence in pursuing habeas relief, see, e.g., Pace, 544 U.S. at 419; Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir.2002);

---

[1] I have attached a copy of the First Circuit docket report which also includes a notation of the operative activity by the United States Supreme Court.
[2] Mosley has not signed under oath or dated the actual motion. See Rule Gov. Sec. 2255 Proceedings 2(b)(5).
[3] Nothing in Mosley's submissions suggest that subsections (f)(2),(3), or (4) might apply to him.

2

> 2. Whether some extraordinary circumstance prevented the petitioner from making a timely filing, see, e.g., Pace, 544 U.S. at 418 ; Neverson [v. Farquharson], 366 F.3d [32,]43 [(1st Cir. 2004)];
> 3. The petitioner's diligence in the pursuit of other post-conviction remedies and the process already afforded in the state system, see, e.g., Pace, 544 U.S. at 418-19; Delaney [v. Matesanz], 264 F.3d [7,] 14-15 [(1st Cir. 2001)];
> 4. Any prejudice to the prosecution that would result from tolling and possible retrial, see David [v. Hall,], 318 F.3d [343,] 347 [1st Cir. 2003)];
> 5. The fact that equitable tolling is not available in cases of dubious merit, see Lattimore, 311 F.3d at 55 (discussing likelihood of success on the merits in determining that equitable tolling was not warranted); Brackett [v. United States], 270 F.3d [60,] 71 [(1st Cir. 2001)](same), overruled on other grounds by Johnson v. United States, 544 U.S. 295, 302 (2005); and
> 6. Whether or not the case is a capital case and whether or not the petitioner has been sentenced to death, see David, 318 F.3d at 346 n. 4.

Id. (footnote omitted).

I can see nothing in the presentation of Mosley's two § 2255 grounds that would necessitate time beyond the one-year Congress has mandated; on this score I must question Mosley's "due diligence." Unfortunately, deficiency in literacy and the challenge of proceeding pro se in the context of complying with the one-year filing deadline for 28 U.S.C. § 2255 motions do not -- standing alone -- present "an extraordinary circumstance." Indeed, proceeding pro se with 28 U.S.C. § 2255 motions in this District is the norm rather than the exception. With respect to Mosley's pursuit of other post-conviction remedies, on February 1, 2008, he did file a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) on the basis of the 'crack cocaine amendment,' a motion which this Court denied on February 29, 2008. (Crim. No. 04-57-P-H, Doc. Nos. 200 & 203.) However, that motion, relating to the attribution of drug quantity for sentencing purposes, is in no way entwined with the two 28 U.S.C § 2255 grounds concerning his guilty plea.[4] And, there is little question that the prosecution would be prejudiced

---

[4] This prong of the Trapp distillation is most operative when equitable tolling is an issue in 28 U.S.C. § 2254 proceedings.

by the revisiting of the validity of the March 4, 2005, guilty plea over four years later, having since that juncture proceeded on the assumption that the plea was valid and having addressed Mosley's other challenges at sentencing and on direct appeal.[5]

### *Conclusion*

For these reasons, I recommend that the Court deny Mosley 28 U.S.C. § 2255 relief and summarily dismiss this motion pursuant to Rule Governing Section 2255 Proceedings 4(b). I further recommend that no certificate of appealability should issue in the event Mosley files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

May 26, 2008.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge

---

[5] I do not think it is necessary in this case to delve into the question of whether or not Mosley's claims are of "dubious merit." Of course, the District Court Judge, in reviewing this recommended decision, will be best positioned to weigh that concern should he deem it necessary. See United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993) ("Moreover, when, as in this case, a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing."). As for the last Trapp factor, this is obviously not a capital case.